UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARTY LEJEUNE** | **CASE NO. 6:21-CV-00797 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **DARREL VANNOY** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATIONS

Pro se plaintiff Marty Lejeune, proceeding *in forma pauperis*, filed a petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, on March 22, 2021. Doc. 1. Petitioner is in the custody of the Louisiana Department of Corrections and is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. The matter was stayed pending the conclusion of his state court proceedings on June 3, 2021 (doc. 8), and on July 6, 2022, the stay was lifted (doc. 21). The matter is now ripe for review.

For the following reasons it is recommended that the petition be deemed a successive petition and be DISMISSED without prejudice to petitioner's right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

### Statement of the Case

By this proceeding, LeJeune attacks his 2001 conviction for two counts of

attempted first degree murder and the subsequent 100-year sentence imposed by the Fifteenth Judicial District Court for Acadia Parish, Louisiana.

LeJeune has previously filed two federal Petitions for Writ of Habeas Corpus in which he attacked this same conviction and sentence. *Marty LeJeune v. Burl Cain,* No. 6:07-cv-0596 (W.D. La. 2007). The first petition was denied and dismissed with prejudice on August 29, 2007, as time barred. *Id.* at Rec. Doc. 6. Judge Haik denied a certificate of appealability. *Id.* at Rec. Doc. 15. Petitioner's appeal was dismissed by the Fifth Circuit for want of prosecution on March 29, 2010. *Id.* at Rec. Doc. 17. The second petition was dismissed without prejudice, as second and successive on April 9, 2019. *Marty Lejeune v. Darrel Vannoy*, No. 6:19-cv-0039 (W.D. La. April 9, 2019).

The instant petition was filed March 22, 2021, raising the sole claim that petitioner was convicted in state court by a non-unanimous jury. Doc. 1, p. 4.

## Law and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. An application "is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-*

*Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000).  In this instance, the Court finds the present petition successive within the meaning of 28 U.S.C. § 2244(b).  It contains claims that were or could have been raised in his earlier federal petitions.

When a petition is second or successive, then the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A).  The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." Id. at § 2244(b)(3)(C).  To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  *Id.* at § 2244(b)(2).  Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. See id. at § 2244(b)(3)(A) and (B).

The petition before this Court does raise a claim that could not have been raised in his original petition, a challenge to the non-unanimous verdict returned at

3

his trial in 2001, relying on the Supreme Court's 2020 decision in *Ramos v. Louisiana*, 140 S.Ct. 1390 (2020). However, as the AEDPA deferential standard requires this Court to apply law that was clearly established at the time the conviction becomes final," (*Peterson v. Cain*, 302 F.3d 508, 511 (5th Cir. 2002)), the state court's denial of relief was not contrary to or an unreasonable application of Supreme Court law. Lafleur is not entitled to federal habeas corpus relief on this claim. *See Joseph v. Vannoy*, No. 21-441, 2021 U.S. Dist. LEXIS 249214 (E.D. La. Oct. 27, 2021).

From the face of this petition, it is apparent that this is a successive petition, and LeJeune has not alleged or demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(1)-(3).

Therefore,

**IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days

after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 17th day of August, 2022.

*[signature]*

**Carol B. Whitehurst**
**United States Magistrate Judge**